UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| GEORGE HAMM, | ) | |
| --- | --- | --- |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:16-cv-00627-DBH |
| NANCY A. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) ) | |
| Defendant | ) ) | |

## REPORT AND RECOMMENDED DECISION

On Plaintiff George Hamm's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action for judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand for further proceedings.

### The Administrative Findings

The Commissioner's final decision is the October 15, 2015, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2.) The administrative record has been supplemented, by order of the Appeals Council, to include a Department of Veterans

Affairs rating decision issued on October 27, 2015. (Notice of Appeals Council Action, ECF No. 9-2, R. 2.)

The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920. The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of mood disorder, anxiety disorder, and history of alcohol abuse. (*Id.* ¶¶ 3 – 4, R. 17 – 19.) The ALJ further found that despite his impairments, Plaintiff has no exertional limitation, can perform simple and moderately complex tasks, such as those found in semi-skilled work, and can tolerate occasional superficial contact with the public. (*Id.* ¶ 5, R. 19.) In the course of her review of the record, the ALJ considered a Department of Veterans Affairs determination that Plaintiff has a service-related, 70 percent disability rating, but concluded that the VA determination was not persuasive evidence that Plaintiff is disabled for purposes of social security. (*Id.*, R. 22.) Based on her residual functional capacity findings and testimony from a vocational expert, the ALJ determined that Plaintiff is not disabled because he retains the capacity to perform work existing in substantial numbers in the national economy, including such representative occupations as hand packer, janitor, and office cleaner. (*Id.* ¶¶ 10 – 11, R. 23.)

**Standard of Review**

A court must affirm the administrative decision provided the correct legal standards were applied and provided the decision is supported by substantial evidence. This is so even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v.*

*Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## Discussion

Plaintiff contends the ALJ erred because she "essentially ignored the medical evidence supporting the VA findings," specifically the "mental disorders examination report completed by Dr. Kimball." (Statement of Errors at 3, ECF No. 15, referencing Ex. 6F, R. 436 – 42.) Plaintiff further argues the ALJ's residual functional capacity (RFC) assessment cannot be reconciled with the medical opinion evidence of record, including the opinions of the Disability Determination Services reviewing psychologists. (*Id.* at 4, 9 – 11.) In addition, Plaintiff argues that the VA rating decision presented to and considered by the Appeals Council should have prompted the Appeals Council to remand the matter for further administrative proceedings. (*Id.* at 5 – 7.)

The initial Disability Determination Services determination relied on the findings of David Houston, Ph.D., to support certain mental residual functional capacity findings. The determination reflects that Dr. Houston considered VA records generated through December 4, 2013. (R. 62.) Similarly, the reconsideration decision relied on Thomas Knox, Ph.D., to support certain mental residual functional capacity findings. The decision reflects that the record contained, at that time, VA records generated through August 24,

3

2014. (R. 87.)

As of August 24, 2014, the VA had not issued either of its rating decisions. The rating decisions are based primarily on VA progress notes found in the record at exhibit 6F, in particular the March 25, 2015, consultative examination report of Kerry Kimball, Ph.D., which report apparently in part informed the VA rating decisions. (R. 436.) Dr. Houston and Dr. Knox thus did not have the opportunity to review the VA ratings and the records upon which the ratings were based. A review of the more recent records and the VA disability rating decisions suggests that the more recent records and decisions are not simply cumulative of the records reviewed and relied upon by Drs. Houston and Knox.[1]

In her decision, the ALJ discussed the VA decision dated April 8, 2015. (Rating Decision, Ex. 19E, ECF No. 9-6; *see also* Apr. 15, 2015, VA Letter to George Hamm, Ex. 5D, ECF No. 9-5.) The VA assigned a 70 percent disability rating to Plaintiff's symptoms of depression, anxiety, and mood disorder. The ALJ was not persuaded that the VA rating established disability for social security purposes because the VA service-related disability standards do not govern a social security disability determination. (ALJ Decision, R. 22.) The ALJ also noted that Plaintiff did not testify to some of the more serious symptoms he reported to the VA, including suicidal ideation. (R. 20 – 21.)

---

[1] Disability Determination Services obtained a psychological report from James Whelan, Jr., Psy. D. (Ex. 2F.) In his report, dated January 22, 2014, Dr. Whelan observed that "[s]erious psychological limitation, in terms of his ability to do work related activity, caused by affective disorder, attentional issues, anxiety, possible cognitive disorder, and possible personality change, appears to best describe George Hamm at this point." (R. 369.) While Dr. Whelan stated that Plaintiff "has the apparent cognitive ability to be able to do work that is more than simple and repetitive," he opined that "[e]ven with such work, affective disorder, attentional issues, anxiety, and cognitive disorder may singly or in combination restrict his ability to take in information he could otherwise understand." (*Id*.) The ALJ gave Dr. Whelan's opinion "little weight" for being heavily dependent on Plaintiff's subjective complaints. (ALJ Decision, R. 21.)

4

After the ALJ hearing, Plaintiff received another rating decision from the VA, dated October 27, 2015. (ECF No. 15-1.)[2] In its report, the VA continued the 70 percent disability finding based on Plaintiff's psychological condition. (*Id.* at 3.) Plaintiff submitted the VA's determination to the Appeals Council, but the Appeals Council found that the evidence did not support a reconsideration of the ALJ's decision. (R. 2.) In part, the Appeals Council found that the VA decision was immaterial because it was "about a later time" and therefore could not impact the ALJ's decision. (*Id.*)

Plaintiff argues the Appeals Council's decision was an erroneous decision because the VA rating decision clearly involved the same underlying symptoms and time period. (Statement of Errors at 7 – 8.) Defendant does not directly challenge Plaintiff's contention that the "about a later time" finding was incorrect, but argues the finding was not an "egregious error" that requires a remand because the VA determination did not "deviate" from the earlier VA decision the ALJ reviewed. (Defendant's Opposition at 3, ECF No. 19.)

In this District, a VA disability decision is entitled to some weight. *Flannery v. Barnhart*, No. 1:06-cv-37-JAW, 2006 WL 2827656, at *2 (D. Me. Sept. 29, 2006), *report and recommendation adopted*, 2006 WL 3032419 (D. Me. Oct. 20, 2006) (remanding where the ALJ rejected VA disability determination out of hand and none of the experts upon whom the VA relied had reviewed the determination or associated evidence). Here, the ALJ considered the April 2015 VA decision, but none of the Disability Determination Services consultative experts she relied upon reviewed or discussed the VA determination

---

[2] The October 2015 VA decision is also attached to Plaintiff's Statement of Errors. (ECF No. 15-1.)

or Dr. Kimball's findings, upon which findings the VA decisions are at least in part based. In fact, the ALJ did not discuss Dr. Kimball's findings. The ALJ thus not only failed to consider the most recent VA rating, but neither she nor the consultative experts upon whom she relied reviewed or discussed Dr. Kimball's findings. Even acknowledging the different standard that applies to a VA disability determination, given that both of the VA's 70% disability ratings for Plaintiff's psychological condition are based in part on an evaluative examination of Plaintiff conducted after the consultative experts completed their assessments, the VA ratings and the findings of Dr. Kimball are not immaterial to the disability determination in this case. The ALJ did not address the findings or the most recent rating. Remand, therefore, is warranted.[3]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

---

[3] Upon remand, regardless of whether the ALJ determines that the VA ratings and related records require a different conclusion, the ALJ should also address in her RFC finding whether Plaintiff's capacity is restricted in any way based on Plaintiff's ability to adapt to changes in routine and Plaintiff's ability to understand and remember simple instructions. If the ALJ's failure to address the issues was error as Plaintiff asserts, the issue would have been whether on the current record the error was harmless.

6

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of October, 2017.