# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| GEORGE HAMM, )<br>)<br>                  Plaintiff )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner, Social Security )<br>Administration, )<br>)<br>                  Defendant ) | Civil No. 2:16-cv-627-DBH |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On October 31, 2017, the United States Magistrate Judge filed with the court, with copies to counsel, his Report and Recommended Decision. The defendant filed an objection to the Recommended Decision on November 14, 2017. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a de novo determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, as clarified below, and determine that no further proceeding is necessary.

The Acting Commissioner faults the Magistrate Judge for stating "that '[t]he ALJ thus . . . failed to consider the most recent VA rating' and that '[t]he ALJ did not address . . . the most recent rating,'" pointing out that the most recent rating (October 2015) was submitted to the *Appeals Council*, not the ALJ.

Def.'s Objection at 5 (ECF No. 24).  The Magistrate Judge's reasoning is clear. He correctly reported the chronology, noted that the Appeals Council ordered that the administrative record be supplemented to include the October rating, Recommended Dec. at 1-2 (ECF No. 23), but that the Appeals Council found that the new rating was immaterial because it was "about a later time" and did not support reconsideration of the ALJ's decision.  Id. at 5.  The Magistrate Judge also noted that the Acting Commissioner "does not directly challenge Plaintiff's contention that the [Appeals Council's] 'about a later time' finding was incorrect," arguing instead that it was "not an 'egregious error' requiring a remand.  Id. Although the Magistrate Judge did not explicitly rule on that argument, his later statements in the final paragraph of his Recommended Decision before the Conclusion implicitly treated the Appeals Council's handling of the October 2015 VA rating as incorrect.  In fact, the Appeals Council should have used the October VA rating in its analysis or remanded the case to the ALJ to do so.  Thus, a remand is necessary as the Magistrate Judge recommended.  See Mills v. Apfel, 244 F.3d 1, 5-7 (1st Cir. 2001) (district court can order remand based on Appeals Council's egregiously mistaken ground for denying review based on material new evidence[1]).

In the alternative, the Magistrate Judge also correctly concluded that the ALJ inadequately considered the *earlier* VA rating that was available to her and

---

[1] Contrary to the Commissioner's argument, Mills made clear review is available even if good cause for failing to timely present new evidence is not shown.  244 F.3d at 6 ("In such a situation [where good cause has not been shown], if the Appeals Council mistakenly rejected the new evidence on the ground that it was not material, we think that a court ought to be able to correct that mistake.").

2

the records that supported it.  This also warrants a remand.  See Genness-Bilecki v. Colvin, No. 1:15-CV-387-JHR, 2016 WL 4766229, at *2-5 (D. Me. Sept. 13, 2016); Flannery v. Barnhart, No. 06-37-B-W, 2006 WL 2827656 (D. Me. Sept. 29, 2006), rep. & rec. adopted, 2006 WL 3032419 (D. Me. Oct. 20, 2006); Pinkham v. Barnhart, No. 03-116-B-W, 2004 WL 413306 (D. Me. Mar. 3, 2004), rep. & rec. adopted, 2004 WL 1571610 (D. Me. Apr. 5, 2004).

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**.  The administrative decision is **VACATED** and the matter is **REMANDED** for further proceedings.

**SO ORDERED.**

**DATED THIS 5TH DAY OF DECEMBER, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

3