UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GEORGE HAMM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00627-DBH |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTATION COMMISSIONER, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES**

Plaintiff George Hamm seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, following a successful appeal from the denial of his application for benefits under the Social Security Act. Plaintiff requests an award of $6,556.70. (EAJA Application, ECF No. 29; Ex. A, ECF No. 29-1.) Defendant contends the award should be reduced because the amount of attorney time is excessive. (Defendant's Opposition, ECF No. 30.)

Following a review of the record and after consideration of the parties' arguments, I recommend the Court grant the application in the amount of $6,457.55.

**Legal Standard**

The EAJA provides, in relevant part, that a prevailing party should receive a fee-shifting award against the United States, unless the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Schock v. United States*, 254 F.3d 1, 5 (1st Cir. 2001).

The calculation of an EAJA fee award is ordinarily based on the loadstar method. The court determines the number of hours reasonably expended on the matter and multiplies that figure by a reasonable hourly rate. This analysis allows adjustments to be made for unreasonable and unproductive attorney time, and for unreasonable hourly rates. A fee-shifting award under the EAJA is also appropriately reduced to account for the prevailing party's relative degree of success. The award should not compensate attorney effort that was unsuccessful in demonstrating unreasonable government action. *McDonald v. Sec'y of HHS*, 884 F.2d 1468, 1478 – 79 (1st Cir. 1989).

## Discussion

On December 6, 2017, the Court vacated Defendant's decision on Plaintiff's application for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, and remanded for further administrative proceedings. (Judgment, ECF No. 28.) Defendant does not dispute that an award is appropriate in this case, nor does Defendant argue that the award should be reduced to account for less than complete success. Instead, Defendant contends that some of the claimed attorney time is not recoverable or should be billed at a lower rate.

Defendant, citing this Court's decisions in *Pelletier v. SSA Comm'r*, No. 1:10-cv-00438-DBH, 2011 WL 5545658, at *2, and *Haskell v. SSA Comm'r*, No. 1:11-cv-00289-GZS, 2012 WL 1463300, at *2, contends that certain tasks do not require an attorney's time at the full attorney rate. In particular, Defendant challenges 1.9 hours of attorney time billed mostly in one-tenth of an hour increments for review of communications and notices from the court and counsel. Within the challenge is also .9 of an hour for the time entry:

2

"Draft and file complaint and summons, letter and motion for leave to proceed in forma pauperis. Receipt and review of court email."

Defendant's argument is unconvincing. Neither *Pelletier* nor *Haskell* established an absolute rule in this District that an attorney's time to review notices or orders from the court, to prepare a complaint, to prepare a motion for leave to proceed in forma pauperis, or to review other case-related documents was not compensable at an attorney's rate. While the cases upon which Plaintiff relies reinforce the Court's obligation to scrutinize the amount of time devoted to various tasks to determine whether some tasks should more appropriately be accomplished in less time or by a person at a lower hourly rate, the cases do not prohibit an attorney's recovery for the tasks identified by Defendant.

In this case, the time reflected by the challenged entries is very limited and consistent with an attorney's obligation to remain informed of and take appropriate action in response to developments in a case. Regardless of whether a legal assistant could have reviewed the same information, counsel is obligated to keep apprised of developments and assess whether counsel should take any action in response to each development. Even if a legal assistant first reviewed the communication or notice, at some point counsel must be apprised of and assess the import of the communication or notice. An attorney is entitled to be compensated at the attorney rate for that review and assessment time. The minimal time entries reflected in counsel's application in this case are reasonable and compensable at the attorney rate. The time devoted to the preparation of the complaint and related filings is similarly reasonable.

Defendant also objects to the requested award of fees for travel time. On September 6, 2017, counsel traveled to Bangor for oral argument in four cases. In the fee application, the billing entry is for 2 hours of attorney time for: "Travel to and from Bangor, participate in oral argument, notes to file. (Travel prorated). Receipt and review of minute entry." Defendant proposes that one hour be awarded at the attorney rate for oral argument and one hour at the paralegal rate for travel. While "[t]ravel is often a necessary incident of litigation" and "may be reimbursed in a fee award," travel time "ordinarily is calculated at an hourly rate lower than that which applies to the attorney's substantive labors." *Hutchinson v. Patrick*, 636 F. 3d 1, 29 (1st Cir. 2011). This Court's practice is to allow recovery of fees for travel at one-half the applicable attorney rate, regardless of the type of case. *IMS Health Corp. v. Schneider*, 901 F. Supp. 2d 172, 193 (D. Me. 2012); *Cushing v. McKee*, 853 F. Supp. 2d 163, 174 n.9 (D. Me. 2012); *Desena v. LePage*, 847 F. Supp. 2d 207, 212-13 (D. Me. 2012). Under the applicable standard, as Defendant argues, one hour should be compensated at the hourly rate of $99 rather than the claimed amount of $198.15.

Finally, Defendant argues 3 hours of attorney time on August 29, 2017, is duplicative of 2.75 hours of paralegal time on May 23, 2017. (Opposition at 6.) The entries are specific to legal research and the research was relevant to a significant issue raised in Plaintiff's appeal. Plaintiff asserts that the effort was not duplicative, but expansive, i.e., counsel expended further effort by researching a legal matter in advance of oral argument. The billing entries reflect reasonable effort and the associated time is compensable.

## Conclusion

Based on the foregoing analysis and findings, I recommend the Court grant Plaintiff's EAJA Application in the amount of $6,457.55.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated this 30th day of April, 2018  /s/ John C. Nivison
U.S. Magistrate Judge